[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**February 28, 2006**
**THOMAS  K. KAHN**
**CLERK**

No. 05-15707
Non-Argument Calendar

D. C. Docket No. 04-00018-CV-CDL-4

DEBRA SINQUEFIELD,
f.k.a. Debra Ricks,

Plaintiff-Appellant,

versus

CLAY COUNTY, GEORGIA,
DAVID SHIVERS,
Individually and in his official capacity
as a member of the Board of Commissioners of
Clay County Georgia,
DAN GILES,
in his official capacity as member of the
Board of Commissioners of Clay County, Georgia, et al.,
GERALD ISLER,
Individually and in his official capacity as
a former member and Chairman of the Board of
Commissioners of Clay County, Georgia,
BLAKE PROCTOR,
in his official capacity as County
Administrator for Clay County, Georgia, et al.,

Defendants-Appellees,

WILLIE MCCOY,

Individually and in his official capacity
as a member of the Board of Commissioners of
Clay County Georgia, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(February 28, 2006)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

This is a civil rights action brought by a former employee of Clay County, Georgia, Debra Sinquefield. Sinquefield was prosecuted in a Georgia superior court pursuant to a grand jury indictment for computer theft and computer trespass in violation of O.C.G.A. §§ 16-9-93(a) and (b), and exonerated when the trial judge directed a verdict of acquittal at the close of the State's case. Claiming that her prosecution was malicious and selective (on account of her race, black), Sinquefield seeks damages against the County, a number of County Commissioners, and two county employees for violating her rights under the Fourth and Fourteenth Amendments and state common law.

On September 12, 2005, the district court entered an order granting the

defendants summary judgment on Sinquefield's federal claims and dismissing her state law claims without prejudice. Sinquefield now appeals. She contends that the district court erred because the material fact issues remain to be litigated on whether she was "seized" in violation of the Fourth and Fourteenth Amendments; selectively prosecuted on account of her race; and denied due process because the defendants failed to provide her with a name-clearing hearing before they pursued criminal allegations against her.

We find no merit in Sinquefield's appeal. As the district court observed in its September 25 order, the material facts are not in dispute. We conclude that the court correctly analyzed Sinquefield's federal claims and properly applied the legal precedent in disposing of those claims.

AFFIRMED.